[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DISCLOSURE DATED OCTOBER 16, 1991
The defendant here seeks to discover the plaintiff's collateral sources of payment prior to trial.
Our law provides that once liability has been established and damages awarded to the plaintiff, that the amount of such an award may be reduced to reflect relevant payment to the plaintiff from certain collateral sources. Section 52-225a of the General Statutes.
Generally, information is subject to pre-trial discovery if it "would be of assistance in the prosecution or defense of the action" and "appears reasonable calculated to lead to the discovery of admissible evidence." P.B. Sec. 218.
The post trial proceedings required by Section 52-225a
cannot be said to assist in the prosecution or defense of the action nor lead to the discovery of admissible evidence of trial.
Recently the Supreme Court of the State of Connecticut had occasion to review the collateral source rule as it pertains to the admissibility of evidence of such at trial. Gurliacci v. Mayer, 218 Conn. 531, 555-559 (1991). This case held that when "malingering" is claimed by a defendant, then the trial court has the discretion to admit evidence of collateral income in order to show malingering if there is corroborative evidence and a proper limiting instruction is given.
The question for this court is whether the "malingering" exception to the collateral source rule caused by Gurliacci has any effect on the pretrial discovery in the instant case. The court concludes that it has no effect whatsoever.
Gurliacci involved a police officer who remained out of work for five years and who, by contract, received an actual increase in earnings during that period because her salary was tax free income. There was significant corroborative evidence of malingering.
The instant case involves a high school student injured at school. It is highly speculative at best, and premature at worst, for this court to find that it has the discretion in a pre-trial setting to find a "malingering" exception to the rule.
Accordingly, collateral source payments need not be CT Page 999 disclosed in this pre-trial discovery.
BY THE COURT, CHARLES D. GILL JUDGE, SUPERIOR COURT